IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JANICE F. HERRING, | ) |
|  | ) |
| Plaintiff, | ) |
|  | )  No. 2:24-cv-02010-TLP-atc |
| v. | ) |
|  | ) |
| SHELBY COUNTY GOVERNMENT | ) |
| HEALTH SERVICE, LORRIE BROOKS, | ) |
| Administrator, GREG MATHEWS, | ) |
| Manager, and VICKIE LEWIS, Supervisor, | ) |
|  | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

Plaintiff sued Defendants Lorrie Brooks, Greg Mathews, and Vickie Lewis ("Individual Defendants") and Shelby County Government Health Service ("County") for employment discrimination and defamation. (ECF No. 1.) And Defendants moved to dismiss. (ECF No. 15.) Plaintiff opposed the motion, except as to the disability discrimination claims against the Individual Defendants, which she agreed should be dismissed. (ECF No. 16.)

Magistrate Judge Annie T. Christoff then entered a Report and Recommendation and Proposed Findings of Fact ("R&R") recommending that the Court dismiss Plaintiff's claims of discrimination against the Individual Defendants and deny dismissal as to the remaining claims. (ECF No. 48.) Defendants timely objected. (ECF No. 49.) And Plaintiff did not object but timely responded to Defendants' objection.[1] (ECF No. 50.) For the reasons explained below,

---

[1] Defendants filed their objections to the R&R on February 7, 2025, meaning Plaintiff had through February 21, 2025, to respond. (*See* ECF Nos. 49, 50.) *See* Fed. R. Civ. P. 72(b)(2) (authorizing a party to respond to objections within fourteen days of service). Plaintiff

1

the Court **ADOPTS** the R&R, **DISMISSES** the disability discrimination claims against the Individual Defendants, and **DENIES** the motion to dismiss as to the remaining claims.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss. *See* 28 U.S.C. § 636(b)(1)(A)–(B). And the district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). Before the district court adopts or rejects the proposed findings or recommendations, a party may object to them "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

An objecting party cannot raise new arguments or issues in objections that it did not present to the magistrate court, unless the party has a compelling reason for failing to raise the issue before. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And any objections must "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In fact, "[o]verly general

---

responded on February 21, but the Clerk did not enter the filing on the docket until February 24. (*See* ECF No. 50.) Defendants thus contend that Plaintiff's filing was untimely, should be construed as a motion to extend the filing deadline, and should be denied because Plaintiff did not provide good cause for missing the filing deadline. (ECF No. 51.) But, as stated, Plaintiff did not miss the filing deadline—even though the Clerk did not update the docket until three days after receiving the response. (*See* ECF No. 50.) And so, the Court **GRANTS** Plaintiff's motion for leave to respond and will consider her response to the objections.

objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)). And so, when a party submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See id.* In any case, the district court need not articulate all its reasons for rejecting a party's objection. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

Neither party objected to dismissing the disability discrimination claims against the Individual Defendants, so the Court reviews that recommendation for clear error. But Defendants timely objected to other recommendations (ECF No. 49), and the Court reviews those portions of the R&R de novo.

## DISPOSITION

Having reviewed the record, the Court finds no error with Judge Christoff's conclusions in the R&R. The Court therefore **ADOPTS** the R&R and **GRANTS** Defendant's motion in part and **DENIES** the motion in part.

**I.     Background**

Plaintiff worked for the County as a clerical specialist under the supervision of Brooks, Mathews, and Lewis. (ECF No. 1 at PageID 4; ECF No. 1-1 at PageID 9.) In February 2023, Plaintiff was diagnosed with hypokalemia, a low-potassium condition that caused her to suffer from vomiting and leg, arm, and stomach cramps. (ECF No. 1 at PageID 4; ECF No. 1-7 at PageID 23.) In fact, on two days in February, she told her supervisors about symptoms she was

experiencing. (ECF No. 1-7 at PageID 23.) And on top of those physical symptoms, Plaintiff went for bloodwork every two weeks, clearing her work absences for these doctor's appointments through Mathews. (ECF No. 1 at PageID 5.)

A month later, on March 17, 2023, Lewis told Plaintiff that she needed to move to a different office that was smaller, cluttered, and windowless. (ECF No. 1 at PageID 4; ECF No. 1-7 at PageID 24.) Plaintiff states that she then "advised" Lewis of her "illness" and that she "needed to be close to the bathroom" for throwing up. (ECF No. 1 at PageID 4; *see also* ECF No. 1-7 at PageID 24.) And a few days later, on March 22, 2023, Plaintiff and her supervisors had a meeting where she informed them about her claustrophobia,[2] which Brooks "kept throwing . . . around the room as if it was funny" and speaking "as if the fear wasn't real." (*Id.* at PageID 4–5; ECF No. 1-7 at PageID 24.) Finally, on March 31, 2023, Plaintiff received separation papers from the County. (ECF No. 1 at PageID 5.)

She then brought a claim with the Equal Employment Opportunity Commission, which issued a right to sue letter, before suing here. (ECF No. 1-1.) Defendants have now moved to dismiss her claims. (ECF No. 15.)

**II.     Motion to Dismiss**

To survive a motion to dismiss, a plaintiff must allege enough facts to "state a plausible claim to relief." *Bryant v. McDonough*, 72 F.4th 149 (6th Cir. 2023); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Courts must "construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and decide whether there is enough factual content to allow 'the court to draw the reasonable inference that the defendant is liable for

---

[2] Because of her claustrophobia, Plaintiff explained that confined, small, and cluttered spaces can trigger panic attacks. (ECF No. 1-5 at PageID 21.) During these panic attacks, she experiences confusion and becomes disoriented. (*Id.*)

the misconduct alleged.'" *Mich. First Credit Union v. T-Mobile USA, Inc.*, 108 F.4th 421, 425 (6th Cir. 2024) (quoting *Ashcroft*, 556 U.S. at 678).  What is more, courts "liberally construe[]" pro se pleadings and hold them "to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Of course, this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted); *see also Orlowski v. Bates*, 146 F. Supp. 3d 908, 921 (W.D. Tenn. 2015) ("Pro se litigants, however, are not exempt from the basic pleading requirements of the Federal Rules of Civil Procedure." (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989))).

**III.    Analysis**

    **A.    Disability Discrimination**

Plaintiff asserts multiple types of disability discrimination claims under the ADA, including claims for her termination, failure to accommodate, unequal terms of employment, retaliation, and a hostile work environment.  (ECF No. 1 at PageID 3; ECF No. 1-4; *see also* ECF No. 48 at PageID 173–174, 174 n.2 (summarizing Plaintiff's claims).)  The motion to dismiss challenges every claim against the Individual Defendants.  (ECF No. 15-1 at PageID 80–81.)  But as to the County, it moves to dismiss only Plaintiff's termination and retaliation claims, so the Court only addresses those arguments here.  (*See* ECF No. 15-1 at PageID 85–87.)  *See also Murr*, 200 F.3d at 902 n.1 (explaining that parties cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate").

    For the claims against the Individual Defendants, both parties agree that the Court should dismiss Plaintiff's ADA claims against Brooks, Mathews, and Lewis because the ADA does not recognize claims against individual supervisors.  (ECF No. 15-1 at PageID 80–81; ECF No. 16 at

PageID 89.) *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."). And so, neither party objected to the R&R recommending dismissal of these claims. (ECF Nos. 48, 49, 50.) The Court therefore agrees under clear error review that dismissal is appropriate and **ADOPTS** the R&R on this issue and **DISMISSES** Plaintiff's ADA claims against Brooks, Mathews, and Lewis.

As to Plaintiff's claims against the County, the County argues that Plaintiff did not plead a plausible claim to relief for two reasons. First, for any ADA claim, a plaintiff must allege that he or she has a disability.[3] *See Darby v. Childvine, Inc.*, 964 F.3d 440, 444–45 (6th Cir. 2020) (explaining that the ADA prohibits "discriminating against a qualified individual because of a disability"). And the County contends here that Plaintiff did not plead a covered disability under the ADA. (ECF No. 15-1 at PageID 82–85.) But the R&R correctly explains why Plaintiff has met her burden on this point (ECF No. 48 at PageID 177–79), and the County did not object to this proposed finding with specificity (*see* ECF No. 49).[4] Thus, under clear error review, the

---

[3] Under the ADA, a plaintiff does not have to plead that he or she actually has a disability. Rather, "[a] person is disabled under the ADA when the person has 'a physical or mental impairment that substantially limits one or more major life activities,' has 'a record of such impairment,' or is 'regarded as having such an impairment.' 42 U.S.C. § 12102(1)." *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 522 (6th Cir. 2021). But Plaintiff here claims to have an actual disability and does not rely on these other theories of proving her case, so the Court does not address them here.

[4] The County states that it "object[s]" to the R&R's finding that Plaintiff alleged a disability "for the reasons previously set forth in their Motion to Dismiss and Supporting Memorandum." (ECF No. 49 at PageID 184.) But this generic, blanket objection does not explain how the magistrate court erred and therefore "do[es] not satisfy the objection requirement." *Spencer*, 449 F.3d at 725 (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones*, 549 U.S. 199; *see also Slater*, 28 F. App'x 512, 513 ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)). And in any case, given the broad interpretation of a "disability" under the ADA and the non-demanding pleading standard for a motion to dismiss, especially for pro se plaintiffs, the Court would agree with the R&R even under de novo review. *See* 42 U.S.C.

Court agrees with the R&R that Plaintiff has sufficiently alleged hypokalemia and claustrophobia and that those disabilities substantially limit her in major life activities like walking, speaking, thinking, and interacting with others. (ECF No. 1 at PageID 4–5; ECF No. 1-5 at PageID 21; ECF No. 1-7 at PageID 23–25.) *See* 42 U.S.C. § 12102(1); *Darby*, 964 F.3d at 444–45 (summarizing and defining the requirements for an ADA claim).

Second, to plausibly plead a prima facie retaliation claim and survive dismissal, a plaintiff must allege that "there was a causal connection between the protected activity and the adverse employment action or harassment." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 419 (6th Cir. 2021) (retaliation); *Darby*, 964 F.3d at 444 (explaining that a plaintiff alleging disability discrimination must show "she would not have been discharged but for the disability"). And the County argued in its original motion and in its objections that Plaintiff failed to allege this causation element for her retaliation and discrimination claims. (ECF No. 15-1 at PageID 85–87; ECF No. 49 at PageID 184–85.) The County emphasizes that it did not learn about Plaintiff's disabilities until after it tried to make her change offices, meaning that the move "could not have been motivated by discriminatory animus." (*See* ECF No. 49 at PageID 184; *see also* ECF No. 1 at PageID 4 (Plaintiff stating that she was asked to move offices on March 17, 2023, and that she advised the County of her claustrophobia on March 22, 2023).)

On the other hand, Plaintiff's frequent vomiting, doctor's appointments, and conversations with County employees about her health in February could have put the County on notice of her disabilities before it moved her into a different office in March. (*See generally* ECF

---

§ 12102(4)(A) (instructing courts to construe "disability" "to the maximum extent permitted by the terms" of the ADA); *Mich. First Credit*, 108 F.4th at 425 (requiring plaintiff to state only a "plausible" claim to relief); *Kondaur*, 802 F. App'x at 945 ("[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel.")

No. 1.)  But the Court need not focus on the timing of the County's request that Plaintiff move offices because the County certainly knew about her disabilities before firing her.  In fact, as Judge Christoff points out in the R&R, the County gave Plaintiff separation papers nine days after an express conversation about her alleged disabilities.  (ECF No. 1 at PageID 4–5 (Plaintiff stating that she informed the County of her claustrophobia on March 22, 2023, and that she received separation papers on March 31, 2023); *see generally* ECF No. 49.)  Accepting Plaintiff's allegations as true, the County knew about her alleged disabilities when they fired her, and the close timing between these events is enough for Plaintiff to allege the causal element for her ADA claims.[5]  And so, under de novo review, the Court **ADOPTS** the R&R and **DENIES** the County's motion to dismiss Plaintiff's ADA claims.

### B. Defamation

Defendants did not move to dismiss Plaintiff's defamation claims against them.  (ECF No. 15; *see also* ECF No. 49 at PageID 185 ("It is true that Defendants did not address a purported defamation claim in their Motion to Dismiss").)  And so, the R&R recommended that those claims proceed.  (ECF No. 48 at PageID 175, 177 n.3.)  Defendants then objected, arguing that Plaintiff merely stated "Defamation of Character" in her Complaint without adding any

---

[5] The County argues that "the Complaint does not allege that Plaintiff's termination occurred due to Plaintiff's engagement in a protected activity.  Instead, Plaintiff provides documentation which shows that her disciplinary action and work misconduct was the reason for her termination."  (ECF No. 15-1 at PageID 87.)  The County is touching on an argument about a legitimate nondiscriminatory reason for the termination.  But as Judge Christoff pointed out—and as the County agrees—a Plaintiff need not plead a case under the *McDonnell Douglas* framework to state a "plausible" right to relief and avoid dismissal.  (ECF No. 48 At PageID 181; ECF No. 49 at PageID 185.)  *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement."); *Mich. First Credit*, 108 F.4th at 425 (requiring a "plausible" right to relief).  And, as discussed above, Plaintiff has plausibly alleged that the County learned about her disabilities and retaliated or discriminated against her for those disabilities by terminating her just after it found out.  (*See* ECF No. 1 at PageID 4–5.)

factual support for it. (ECF No. 49 at PageID 185–87.) As a result, Defendants contend that they did not know the claim existed and that "[t]he single appearance of [those] three words" "cannot be a basis for putting a party on notice of a cause of action." (ECF No. 49 at PageID 186.)

The Court disagrees. "Defamation of Character" is a concise statement of Plaintiff's intent to sue for defamation. Given this language, no party could reasonably claim that it did not receive notice that Plaintiff intended to pursue a claim for defamation. And though Plaintiff's factual allegations may be insufficient to state a plausible claim for relief on those grounds, Defendants should have raised the issue before the magistrate court in their motion to dismiss. Because they did not do so, the Court does not address those arguments now.[6] *See Murr*, 200 F.3d at 902 n.1 (explaining that the Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"). And so, the Court **ADOPTS** the R&R with respect to Plaintiff's defamation claims.

## CONCLUSION

For the reasons explained, the Court **ADOPTS** the R&R, **GRANTS** the motion to dismiss Plaintiff's claims against the Individual Defendants, and **DENIES** the motion to dismiss the remaining claims.

**SO ORDERED**, this 18th day of March, 2025.

        s/Thomas L. Parker
        THOMAS L. PARKER
        UNITED STATES DISTRICT JUDGE

---

[6] Defendants alternatively argue that they should be allowed to file a second motion to dismiss. But because there was no barrier to the County seeking the relief it wanted in its initial motion, the Court is not inclined to allow the second motion. The Court therefore **DENIES** that request.