IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JANICE F. HERRING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02010-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| SHELBY COUNTY GOVERNMENT ) | |
| HEALTH SERVICE, LORRIE BROOKS, ) | |
| Administrator, GREG MATHEWS, ) | |
| Manager, and VICKIE LEWIS, Supervisor, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff sued Defendants Lorrie Brooks, Greg Mathews, and Vickie Lewis ("Individual Defendants") and Shelby County Government Health Service ("County") (collectively "Defendants") for violating the Americans with Disabilities Act and the American with Disabilities Act Amendment Act (collectively "ADA"). (ECF No. 1.) Plaintiff asserted that Defendants participated in employment discrimination by terminating her employment, failing to accommodate her disability, creating unequal terms and conditions in her employment, and retaliation. (*Id*.) She also alleged defamation against the Individual Defendants. (*Id*.) The Court dismissed all claims but defamation against the Individual Defendants. (ECF No. 54.) Defendants then moved for summary judgment. (ECF No. 55.) And Plaintiff opposed the motion. (ECF No. 56.)

Magistrate Judge Annie T. Christoff ("Judge Christoff") entered a Report and Recommendation and Proposed Findings of Fact ("R&R") on the motion. (ECF No. 60.) She

1

recommended that the Court grant summary judgment on Plaintiff's claims for failure to accommodate, unequal terms and conditions, hostile work environment, and defamation. (*Id.* at PageID 427–30, 432–33.) But she recommended Plaintiff's claims for discriminatory discharge and retaliation survive. (*Id.* at PageID 421–26, 430–32.) Defendants timely objected to her adverse recommendations. (ECF No. 67.) And Plaintiff did not object but timely responded to Defendants' objection. (ECF No. 71.) For the reasons explained below, the Court **ADOPTS** the R&R, **DENIES** summary judgment as to the discriminatory discharge and retaliation claims, and **GRANTS** summary judgment on the remaining claims.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions for summary judgment. *See* 28 U.S.C. § 636(b)(1)(A)–(B). And the district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Before the district court adopts or rejects the proposed findings or recommendations, a party may object to them "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

An objecting party cannot raise new arguments or issues in objections that it did not present to the magistrate court, unless the party has a compelling reason for failing to raise the issue before. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And any objections must "be clear enough to enable the district court to discern those issues that are dispositive and

2

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In fact, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380; *Howard*, 932 F.2d at 508–09), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)). And so, when a party submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See Slater*, 28 F. App'x at 513. In any case, the district court need not articulate all its reasons for rejecting a party's objection. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

Neither party objected to granting summary judgment on the failure to accommodate, unequal terms and conditions, hostile work environment, and defamation, so the Court reviews that recommendation for clear error. (ECF Nos. 67, 71.) But Defendants timely objected to the recommendation on discriminatory discharge and retaliation (ECF No. 67), and the Court reviews those portions of the R&R de novo.

## DISPOSITION

Having reviewed the record, the Court finds no error with Judge Christoff's conclusions in the R&R. The Court therefore **ADOPTS** the R&R, and **GRANTS** in part and **DENIES** in part Defendants' motion for summary judgment.

**I.     Background**

As Judge Christoff explained in her factual findings, Defendants included a statement of undisputed facts in support of its motion for summary judgment. (ECF No. 60 at PageID 412–

3

15; *see* ECF No. 55-1.) And Plaintiff disputed certain facts in her response. (ECF No. 56.) But she did not cite to the record to support the facts she disputed. (ECF No. 56.) Instead, Plaintiff attached documents to her response to the County's statement of undisputed facts without explanation. (*Id.*) Judge Christoff reviewed the documents and if she could "decipher which parts of these documents Herring intends to offer in dispute of particular facts," Judge Christoff considered that fact disputed.[1] (ECF No. 60 at PageID 414.) But if the context for the document was not immediately apparent or if the document contained hearsay, Judge Christoff considered the fact offered by the County undisputed. (*Id.*)

The County objects to this approach and asserts that Judge Christoff should have treated all the facts as undisputed. (ECF No. 67 at PageID 452.) Plaintiff does not dispute Judge Christoff's factual findings. (*See* ECF No. 71.) Because Plaintiff is pro se, the Court finds it appropriate to consider a fact in dispute as long as it is obvious that Plaintiff disputed a fact based on the documents she attached.[2] The Court therefore **OVERRULES** Defendants' objection on this point and provides a summary of the material facts below.

Plaintiff worked for the County as a clerical specialist under the direct supervision of Vickie Lewis from October 2022 through March 31, 2023. (ECF Nos. 55-1 ¶ 1; 55-3 at PageID 261; 56 ¶ 1.) Before her employment, Plaintiff never revealed any physical disability to the County. (ECF No. 55-6 at PageID 296; *see* ECF No. 55-1 ¶ 24; ECF No. 56 ¶ 24.) In fact,

---

[1] That said, Judge Christoff did not consider Plaintiff's unsworn narrative responses, nor did she consider inadmissible hearsay. (ECF No. 60 at PageID 414–15.) This Court does not consider those responses or statements either.

[2] The Court acknowledges that Plaintiff did not support her factual positions by citations to the record. *See* Fed. R. Civ. P. 56(c). Even so, under Rule 56(e) the Court may provide Plaintiff with an opportunity to correct her error. If the Court granted Plaintiff such an opportunity and her renewed response complied with the Rule, the Court and parties would be in the same place as they are now. And trial is only a few days away. That is why the Court chooses to consider some of Plaintiff's documents to the extent that they lead to obvious factual disputes.

Plaintiff never mentioned any physical ailments to the County until the events leading to her termination from employment.  (ECF No. 56-4 at PageID 375; ECF No. 55-1 ¶ 24; ECF No. 56 ¶ 24.)

On February 15, 2023, Plaintiff felt sick at work.  (ECF No. 55-1 ¶ 21; ECF No. 56-4 ¶ 9; ECF No. 1-7 at PageID 23.)  But she stayed at work after she began to feel better.  (ECF No. 55-1 ¶ 21; ECF No. 1-7 at PageID 23.)  Two days later, again at work, Plaintiff experienced leg and stomach cramps.  (ECF No. 55-1 ¶ 22; ECF No. 56-4 ¶ 10.)  She notified a supervisor, Greg Mathews, and he permitted her to leave work.  (ECF No. 55-1 ¶¶ 22, 23; ECF No. 56-4 ¶ 10.)  The next day, Plaintiff went to the emergency room and learned that she had a low-potassium condition called hypokalemia.  (ECF No. 55-1 ¶ 23; ECF No. 56 ¶ 23; ECF No. 1-7 at PageID 23.)  Plaintiff claims the hypokalemia made her feel confused, disoriented, and awkward, but she was able to work every day while under a doctor's care.  (ECF No. 55-1 ¶ 24; ECF No. 56 ¶ 24.)

On March 17, 2023, Stephanie Maxwell, a security officer for the County, claims to have witnessed Plaintiff make negative and threatening remarks to Vickie Lewis.  (ECF No. 55-1 ¶¶ 6, 7.)  According to Maxwell, Lewis asked Plaintiff to move to a different room to complete an assignment.  (ECF No. 55-1 ¶ 6.)  And Plaintiff, in a loud and aggressive tone, responded that she would not do so.  (ECF No. 55-1 ¶ 6.)  Although Plaintiff does not dispute that she spoke with Lewis about moving to another room that day, she disputes Maxwell's description of Plaintiff's actions and her tone.[3]  (*See* ECF No. 56 ¶ 12; ECF No. 56-4 ¶ 13; ECF No. 55-6 at PageID 297–98.)  After the interaction, Defendants did not force Plaintiff to move to a different room.  (ECF No. 55-1 ¶ 15.)

---

[3] The Court finds a dispute of fact about the March interaction(s) between Plaintiff and Lewis.

5

Maxwell reported the interaction to Shelby County Administrator Brooks and provided a written statement. (ECF No. 55-1 ¶ 8; ECF No. 56 ¶ 8.) Brooks began investigating the incident after reviewing Maxwell's report. (ECF No. 55-1 ¶ 9; ECF No. 56 ¶ 9.) She spoke with Plaintiff, Lewis, Maxwell, and several other staff members during the investigation and asked them to provide written statements. (ECF No. 55-1 ¶ 10.) The written statements summarize many problematic interactions between Plaintiff and Lewis or other County employees. Brooks claims to have relied on those written statements to determine the disciplinary action for Plaintiff's alleged misconduct. (ECF No. 55-1 ¶ 11.)

On March 22, 2023, Brooks and Mathews met with Plaintiff to discuss the March 17th incident. (ECF No. 55-1 ¶ 12; ECF No. 56 ¶ 12.) Plaintiff admitted she refused to relocate to a different room but denied that she yelled at Lewis or threatened her. (ECF No. 55-1 ¶ 12; ECF No. 56 ¶ 12.) And although Plaintiff has suffered from claustrophobia since childhood (ECF No. 55-1 ¶ 17; ECF No. 56 ¶ 17.), she did not tell Defendants about her claustrophobia until the March 22nd meeting, at the earliest.[4] (ECF No. 55-1 ¶ 18; ECF No. 55-6 at PageID 296.) Brooks terminated Plaintiff after concluding that she violated Shelby County employee policy numbers 103 (Employee Responsibility) and 702 (Conduct). (ECF No. 55-1 ¶ 14).

## II.  Motion for Summary Judgment

Courts grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if "proof of that fact would establish

---

[4] The record is unclear about when Plaintiff claims her employer learned of her hypokalemia but she did not know of it until February 18, 2023. So she could not have reported it any earlier.

or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). And courts construe all reasonable inferences in favor of the nonmoving party when it considers a motion for summary judgment. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the moving party shows there is no genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact. *Matushita*, 475 U.S. at 587. In arguing that a genuine issue exists, "the nonmoving party must present significant probative evidence that will reveal that there is more than some metaphysical doubt as to the material facts." *Wiley v. City of Columbus, Ohio*, 36 F.4th 661, 667 (6th Cir. 2022) (internal quotations and citing references omitted). Even more, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Likewise, if the nonmoving party "fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof," then the moving party is entitled to "judgment as a matter of law and summary judgment is proper." *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (quoting *Chapman v. United Auto Workers Loc. 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)). But if the Court finds there is a genuine dispute over material facts, then it must deny summary judgment, and the case should proceed to trial. *George v. Youngstown State Univ.,* 966 F.3d 446, 458 (6th Cir. 2020).

Plaintiff did not object to Judge Christoff's R&R. But Defendants timely objected to Judge Christoff's recommendation that the Court deny summary judgment as to Plaintiff's

discriminatory discharge and retaliation claims. (ECF No. 67 at PageID 452.) So the Court reviews those objected-to recommendations de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). And the Court reviews the remaining recommendations for clear error. Fed. R. Civ. P. 72(b) advisory committee's note.

**III.   Analysis**

   **A.   Disability Discrimination**

Plaintiff asserts many types of disability discrimination claims under the ADA, including her termination, failure to accommodate, unequal terms of employment, retaliation, and a hostile work environment. (ECF No. 1 at PageID 3; ECF No. 1-4; *see also* ECF No. 48 at PageID 173–174, 174 n.2 (summarizing Plaintiff's claims).) The motion for summary judgment challenges each of them. (ECF No. 55.) As to the failure to accommodate, unequal terms of employment, and hostile work environment claims, neither party objected to the R&R's recommendation that this Court grant summary judgment for the County. (ECF Nos. 60, 67, 71.) Having reviewed the record, the Court finds no clear error in Judge Christoff's recommendations on these claims.

The Court agrees with Judge Christoff that Plaintiff's failure-to-accommodate claim cannot survive summary judgment because she has provided no evidence that she asked the County to accommodate her hypokalemia or claustrophobia before her termination, or, even if she did, that the County failed to accommodate her disabilities. (ECF No. 60 at PageID 427–28.) *See Judge v. Landscape Forms, Inc.*, 592 F. App'x 403, 408 (6th Cir. 2014) ("[T]he employer must first be given a chance to grant or deny an accommodation while the employee is still presently employed in order for the employee to allege that the employer failed to accommodate him or her" (citing *Melange v. City of Ctr. Line*, 482 F. App'x 81, 86 (6th Cir. 2012))). For similar reasons, the Court agrees with Judge Christoff that Plaintiff's claim for unequal terms of

8

employment fails because any alleged disparate treatment took place before the County was aware of her disabilities. (ECF No. 60 at PageID 428–29.) Judge Christoff also correctly explains that the minor insults and teasing Plaintiff experienced—which were not based on her disabilities—are not sufficient as a matter of law to support a claim for hostile work environment. (ECF No. 60 at 430. (quoting *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 461 (6th Cir. 2022)). The Court therefore agrees with Judge Christoff and **ADOPTS** the R&R and **GRANTS** summary judgment for the County on these claims. The Court next addresses Plaintiff's remaining ADA claims—discriminatory discharge and retaliation.

As to Plaintiff's discriminatory discharge claim, the County argues that Plaintiff has not proven her claim for two reasons. First, it asserts Plaintiff has failed to establish that she has a disability under the ADA. (ECF No. 55-2 at PageID 247.) An individual is disabled under the ADA if she has a "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42. U.S.C. § 12102(1). A "physical or mental impairment" is "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems . . . ." 29 C.F.R. § 1630.2(h)(1). Impairments "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(1)(ii). And major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). The Sixth Circuit has described this as a "'not onerous' requirement. *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 320 (6th Cir. 2019) (citation omitted)

Under this standard, Plaintiff is an individual with disabilities under the ADA. Hypokalemia "refers to a lower than normal potassium level in [the] bloodstream." *Brady v. Soc. Sec. Admin.*, No. 3:14-cv-1977, 2017 WL 2376864, at *2 n.5 (M.D. Tenn. May 31, 2017) (citation omitted). As the County admitted in its own undisputed facts, Plaintiff was diagnosed with hypokalemia on February 18, 2023, after she "felt sick due to her hypokalemia" and left work. (ECF No. 55-1 ¶¶ 19, 21.) And the County acknowledges Plaintiff experienced vomiting, cramps in her legs and stomach, and feelings of confusion, disorientation, and awkwardness in the days just before her diagnosis. (ECF No. 55-2 at PageID 248.) But the County argues Plaintiff failed to produce corroborating evidence to support her claimed disability. (ECF No. 55-2 at PageID 248–49.) Given the County's own admissions, it follows that Plaintiff has met her burden as this is not an onerous requirement.[5] *See Babb*, 942 F.3d at 320 (citation omitted)

Second, the County asserts that Plaintiff has not shown that she has suffered any adverse employment actions because of a disability. (ECF No. 55-2 at PageID–51.) In other words, the County argues Plaintiff has not established her disability was the "but for" cause of her termination. *See Bent-Crumbley v. Brennan*, 799 F. App'x 342, 345 (6th Cir. 2020) ("A plaintiff under the ADA needs to show that disability was the 'but for' causation of the employer's adverse action." (citation omitted)); *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (explaining that a plaintiff alleging disability discrimination must show "she would not have been discharged but for the disability").

The disputed nature of the March 2023, interaction between Plaintiff and Lewis is central to this issue. The County contends it fired Plaintiff because she violated internal policies by

---

[5] The County did not address whether Plaintiff's claustrophobia renders her disabled under the ADA. The Court therefore presumes it does for purposes of this summary judgment motion.

10

making made negative and threatening remarks to her supervisor, Lewis. (ECF No. 55-2 at PageID 250.) It claims that Plaintiff has cited nothing in the record showing that it disciplined her due to her disability. (ECF No. 55-2 at PageID 250–51.)

But considering Plaintiff's summary judgment documents in the light most favorable to her, they suggest she informed the County of her disabilities in February and March 2023. (ECF No. 56-4 ¶¶ 11, 15.) Plaintiff claims that the County terminated her because of the limitations caused by her disabilities. (ECF No. 56 at PageID 315). And when she tried to inform Brooks of her claustrophobia during the disciplinary investigation, Plaintiff contends Brooks silenced her. (ECF No. 56-4 ¶ 15.) She disagrees with the County's version of events and maintains that, because of her disability, she lacked the energy to interact with Lewis as they described. (ECF No. 56-4 ¶¶ 12, 13; ECF No. 55-6 at PageID 298.) Instead, she argues the County's version of the March interaction never happened and was mere pretext. (ECF No. 56-4 ¶ 13.)

With all reasonable inferences drawn in Plaintiff's favor, *see Robertson*, 753 F.3d at 614, the Court finds that Plaintiff has offered enough evidence to place the reason for her firing in dispute. The Court does not weigh evidence at this stage of litigation; instead, it only asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Babb*, 942 F.3d at 318 (citation omitted) (discussing ADA claim). The evidence here is not so one-sided that the County must prevail. So it is up to the trier of fact to determine which version of events to believe. And the Court finds Plaintiff successfully established a prima facie case of discriminatory discharge.

Because Plaintiff established a prima facie case of discrimination, the burden shifts to the County to proffer a legitimate, non-discriminatory reason for her termination. *See McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Babb*, 942 F.3d at 319–20 (citation omitted). The County has done so by asserting that it fired her because of its investigation and its conclusion that Plaintiff violated its policies. *Blackshear v. Interstate Brands Corp.*, 495 F. App'x 613, 618 (6th Cir. 2012) (finding an employer met this burden by presenting evidence it terminated an employee because her conduct violated company policy); *Douglas v. Eaton Corp.*, 577 F. App'x 520, 524 (6th Cir. 2014) (same).

So the burden shifts back to Plaintiff to "prove by a preponderance of the evidence that the [County's] stated reasons were a pretext for discrimination." *Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606 (6th Cir. 2019). One way a plaintiff can "'refute the legitimate, nondiscriminatory reason that an employer offers to justify an adverse employment action [is] by showing that the proffered reason [ ] has no basis in fact . . . .'" *Keogh v. Concentra Health Servs., Inc.*, 752 F. App'x 316, 323 (6th Cir. 2018) (citation omitted). And Plaintiff has done just that. She has consistently denied the County's characterization of the March interaction. (ECF No. 56-4 ¶¶ 12, 13; ECF No. 55-6 at PageID 298.) And she has shown that she "didn't have [ ] energy and could barely hold a conversation" on the day the County claims she threatened and yelled at Lewis. (ECF No. 56-4 at PageID 393.) Drawing all reasonable inferences in Plaintiff's favor, she has presented enough evidence suggesting that the County's reason for firing her lacks a factual basis.

Having addressed the discriminatory discharge claim, the Court turns now to Plaintiff's retaliation claim under the ADA. To establish an ADA retaliation claim, a plaintiff must show that "(1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal

connection between the protected activity and the adverse action."[6]  *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing *A.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir.2013)).  This is a "low hurdle."  *Id.* (quoting *Gribcheck v. Runyon*, 245 F.3d 547, 551 (6th Cir. 2001)).  But the ADA does not create a claim for *any* workplace retaliation.  Instead, a retaliatory discharge claim "protects individuals only from retaliation for engaging in, or aiding another who engages in, activity covered by the ADA."  *Id.* (citing 42 U.S.C § 12203(a)).

As Judge Christoff explained, Plaintiff claims that the County terminated her in retaliation for opposing Lewis' request that she move into a smaller office during the March interaction and for otherwise informing the County about her disabilities.  (ECF No. 1-1 at PageID 9.)  The Sixth Circuit has recognized that opposing a change in work requirements based on a protected characteristic—which here is a disability—constitutes protected activity.  *Prida v. Option Care Enters., Inc.*, No. 23-3936, 2025 WL 460206, at *6 (6th Cir. Feb. 11, 2025) (discussing retaliation under Title VII).

But the County argues that Plaintiff has not shown a causal connection between a protected activity and its decision to terminate her.  (ECF No. 55-2 at PageID 254–55.)  That said, as the Sixth Circuit has explained:

> Temporal proximity can often help meet this causal burden, and where the adverse action comes "very close in time" after the exercise of protected activity, "such temporal proximity ... is significant enough" to meet the burden alone[.] The evidence in this case, including both temporal proximity and evidence calling into question the truthfulness of the reports themselves, is sufficient to meet Plaintiffs' minimal burden to put forth evidence permitting a reasonable inference of causation.

---

[6] It is undisputed that Plaintiff did not inform the County of her hypokalemia until February 18. 2023, and that she did not inform them about her claustrophobia until March 22, 2023, at the earliest.  The County could not have retaliated against for her disabilities before those dates.  So Plaintiff's allegations about workplace retaliation before those dates fails the second prong of this test.

*A.C.*, 711 F.3d at 697 (citations omitted).

Although the County argues its decision to terminate Plaintiff was based on her March interaction with Lewis (ECF No. 55-2 at PageID 254–55) and the ensuing investigation, Plaintiff claims she told the County about her disabilities shortly before her termination. (ECF No. 56-4 ¶¶ 11, 15.)  And, because the nature of the March interaction is a disputed fact, she has challenged the validity of the investigation that led to the County terminating her. This is enough for Plaintiff to meet her minimal burden of forming a reasonable inference of causation. *See id*; *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) ("Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of establishing a prima facie case of retaliation.")

The burden shifting analysis remains the same as above. Plaintiff has put forth enough evidence that the County's reason for terminating her lacks a factual basis. And with all reasonable inferences drawn in her favor, Plaintiff has shown summary judgment on her retaliation claim should be denied. And so, under de novo review, the Court **ADOPTS** the R&R, **OVERRULES** the County's objection, and **DENIES** the County's motion for summary judgment as to Plaintiff's discriminatory discharge and retaliation claims.

B.     **Defamation**

Lastly, the R&R recommends granting summary judgment on Plaintiff's defamation claim. (ECF No. 60 at PageID 433.)  No party objected, and the Court agrees that the defamation claim fails. (ECF Nos. 67, 71; *see* ECF No. 60.)  That is because Plaintiff has presented no admissible evidence that any Individual Defendant made a false or defaming statement about her. (*See* ECF No. 55-1 ¶ 26.)  Simply put, she has failed to show or raise a

question of fact as to any element under Tennessee's defamation law.  *See Watson v. Golden N. Van Lines, Inc.*, No. 2:24-CV-2227-JPM-CGC, 2025 WL 1427061, at *3 (W.D. Tenn. May 16, 2025) (listing elements (quoting *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999))).  As Judge Christoff correctly points out, Plaintiff's only remaining claims against the Individual Defendants are for defamation.  (ECF No. 60 at PageID 433.)  Because Plaintiff's defamation claim fails as a matter of law, the Court **ADOPTS** the R&R with respect to Plaintiff's defamation claim and **DISMISSES** the Individual Defendants.

## CONCLUSION

For the reasons explained above, the Court **ADOPTS** the R&R, **GRANTS** summary judgment for Defendants on Plaintiff's failure to accommodate, unequal terms of employment, retaliation, hostile work environment, and defamation claims.  But the Court **DENIES** the summary judgment motion as to the discriminatory termination and retaliation claims.

**SO ORDERED**, this 22nd day of August, 2025.

       s/Thomas L. Parker
       THOMAS L. PARKER
       UNITED STATES DISTRICT JUDGE